MARTHA LAMBERT, BY NEXT FRIEND, AND LOUIS LAMBERT, PLAINTIFFS-RESPONDENTS, v. TRENTON AND MERCER TRACTION CORPORATION, DEFENDANT-APPELLANT.

Argued January 18, 1929—Decided February 28, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the appellant, *Edward L. Katzenbach*.

For the respondents, *Martin P. Devlin.*

PER CURIAM.

There are two grounds of appeal presented and argued—

1. That the trial court erred in refusing to nonsuit, and

2. That the trial court erred in refusing to direct a verdict in favor of the defendant below.

We are of the opinion that there was no error in either ruling of the trial court.

At the time the motion for nonsuit was made the proofs seem to have been that a trolley car of the appellant, operated by its motorman Patrick McHugh, on March 18th, 1922, was proceeding along North Clinton avenue toward the city of Trenton; that the car stopped at Olden avenue and then proceeded on its way and shortly after came to a sudden stop; the child, Martha Lambert, was found under the righthand forward end of the car; as the car was brought to a stop the motorman is said to have exclaimed, "Oh, my God, what

have I done!" The girl had evidently accompanied her brother upon an errand that took them to the farther or left side of North Clinton avenue as measured by the direction in which the trolley car was proceeding. A passenger on the car testified that she saw the boy as he left, or just after he left, the curb on the lefthand side, running toward the right-hand side of the street. There was no testimony in the plaintiff-respondent's case respecting the child. Martha, except that she was found under the car when it was suddenly stopped. Her left arm was so injured that it was necessary to amputate it at the shoulder.

Upon the defendant's case the motorman testified that he saw the girl about ten or twelve feet ahead of his car, running toward his car, and saw her just as she was entering on the outbound track—that being the track to his left—that immediately upon seeing the child he threw his power into reverse and applied the emergency brake.

The situation thus developed presents two well-settled principles, so firmly settled that neither requires any citation of authorities.

The first is that if a motion to nonsuit is refused, and the testimony at such time presents no proofs upon which the plaintiff is entitled to recover, and such facts so lacking are subsequently supplied, such refusal to nonsuit is not reversible error.

The second is that in a case of this character if there are facts and circumstances from which negligence may be drawn and inferred and upon which the conclusions to be drawn by reasonable persons may differ, then a case is presented for a jury to pass upon and not the trial judge.

Here such a situation exists, we think. At least two factual questions are presented—*first,* in the exercise of reasonable care, should the motorman, under the circumstances, have observed the child, Martha, bfore she reached the position in which he says he first saw her, and if so, then by the exercise of reasonable care, could he have brought his car under such control or stopped it so that she would not have been injured; and, *second,* assuming that, by the exercise of rea-

sonable care, he would not have observed the child before he says he did, then under the circumstances did he use such reasonable care as should have been used to avoid injuring her?

Whether or not the proofs are of such weight, and so convincing as would warrant the findings as reflected by the verdicts is beside the question. The sole question is: At the time the proofs were closed was there any evidence upon the question of negligence to go to the jury? Unquestionably there was, and that being so any error in refusing to nonsuit was cured and it was not error to submit the cause to the jury, as was done.

The judgments under review are therefore affirmed, with costs.